IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


WALTER PATRICK,                    :

        Plaintiff,                 :

vs.                               :    CIVIL ACTION 11-0050-CG-M

LARRY WAYNE FRITH,                :

        Defendant.                 :


REPORT AND RECOMMENDATION


Plaintiff, a Perry County Correctional Center inmate who is proceeding pro se, filed a Complaint under 18 U.S.C. §§ 1965(a) and 1964.[1]  Plaintiff's Complaint was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).  It is recommended that this action be dismissed without prejudice, prior to service of process, for lack of subject matter jurisdiction.

I.  Complaint.  (Doc. 1).

Plaintiff's Complaint is very brief, particularly considering that he is invoking this Court's subject matter jurisdiction under the RICO statutes.  Rotella v. Wood, 528 U.S. 549, 552, 120 S.Ct. 1075, 1079, 145 L.Ed.2d 1047 (2000)

---

[1] At the time of filing Plaintiff paid $300 toward the $350 filing fee and recently paid the remaining $50.  (Docs. 2, 3).

(Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961–1968).  Plaintiff identifies Larry Wayne Frith as the sole Defendant and states that Defendant and he are both residents of Alabama.  (Doc. 1 at 1).  Due to the Complaint's brevity, its pertinent portions are set out below.

> 2.  On or about the 22nd day of February 2000, defendant and plaintiff allegedly entered into oral negotiation concerning the purchase by plaintiff from defendant of the following described property for the operation of a tire shop for large trucks [legal description of the real property omitted].

> 3.  The Plaintiff described to the Defendant his plans for a business on said property and why [the] property was needed.

> 4.  The Parties looked as the property together, at which time Defendant represented to Mr. Patrick that the property he owned was a much larger tract of land than in actuality it was and that the property had access to Highway 43 on the north and south ends suitable for [an] entrance road for large vehicles such as eighteen wheel trucks and failed to disclose that the State had obtained a Right-of[-]Way over said property and that it was now [a] controlled access intersection with special requirements that needed [to] be met prior to adding access to the highway from said property.

> 5.  The representations made by defendant were false (and defendant knew that they were false) (and defendant, without knowledge of the true facts, recklessly misrepresented them) (and were made by mistake but with the intention that plaintiff should rely upon them).

6. Plaintiff believed the representations and in reliance upon them purchased the property.

7. Prior to entering into a written contract for the property, Plaintiff had to undergo surgery for cancer and Defendant pressed Plaintiff for an initial down payment of $6,500.00 to be credited toward the proposed purchase price of $25,000.00.

8. Plaintiff paid Defendant an amount of $6,5000.00 as [a] down payment of said land sale based upon Defendant's representations that a business could be established on the property as Plaintiff had described to Defendant, and upon promises of Defendant to sign a written contract ratifying the agreement after [a] survey and title work w[ere] completed and his recovery.

9. Plaintiff discovered through an Attorney, Spence Walker[,] that Defendant did not fully own the property and it was tied up in legal matters by Defendant's ex [-]wife. That the Defendant could not actually s[ell] the property. Furthermore, [t]he Department of Transportation said that no entrance to the property on the South side could be made because of the controlled intersection. There can be no access to the property on the North Side due to a 10 inch Natural Gas line stubbed up on the property. The City of Grove Hill will not issue a business license at this location until there is some satisfaction with the control[led] intersection. Plaintiff avers that the Defendant knew these facts.

10. Plaintiff avers that he has spent $5,000.00 in attempting to recover his money and that the Defendant should be held responsible to reimburse this money. Plaintiff hired attorneys Lee B. Williams and Phil G. Perkins for State Court and he should be able to recover this money.

3

11.  Plaintiff further avers that the
        Defendant be brought up on Fraud charges in
        Federal Court.

        Wherefore plaintiff demands judgment against
        defendant in the sum of $6,5000.00 dollars
        for the down payment paid to Defendant plus
        the interest on said money.  Pay Plaintiff
        the Sum of $5,000.00 for the money spend in
        the attempted recovery of said money, plus
        cost.  That the Defendant be charged in
        Federal Court with the crime of fraud.


II. <u>Analysis</u>.

    A.  <u>Jurisdictional Requirements</u>.

    The Court's first consideration is to inquire into its

jurisdiction.  <u>United States v. Denedo</u>, ___ U.S. ___, ____, 129

S.Ct. 2213, 2219, 173 L.Ed.2d 1235 (2009).  This inquiry is made

at "the earliest stage in the proceedings," <u>University of S. Ala.</u>

<u>v. American Tobacco Co.</u>, 168 F.3d 405, 410 (11th Cir. 2000)

(citations omitted), because a court cannot act upon an action

that is "beyond its statutory grant of subject matter

jurisdiction."  <u>Smith v. GTE Corp.</u>, 236 F.3d 1292, 1299 (11th

Cir. 2001); <u>see</u> <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S.

375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994) (a

federal district court has limited jurisdiction which only

allows it to hear certain types of actions authorized by the

Constitution or Congress).

    The Court discerns that Plaintiff seeks to invoke this

Court's federal question jurisdiction under 28 U.S.C. § 1331 by

his references to the RICO statutes.  Section 1331 states that "[t]he district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; see Southpark Square Ltd. v. City of Jackson, Miss., 565 F.2d 338, 340-41 n.2 (5th Cir.) ("Although the complaint [alleging violations of the federal law] failed to cite the statute conferring jurisdiction on the district court, 28 U.S.C. § 1331 (1970), this omission will not defeat jurisdiction where the facts alleged in the complaint satisfy the jurisdiction requirements of the statute."),[2] cert. denied, 436 U.S. 946 (1978).

However, in order to invoke the district court's federal question jurisdiction, "a plaintiff must present a 'substantial' federal question[.]"  Wyke v. Polk County Sch. Bd., 129 F.3d 560, 566 (11th Cir. 1997).  On the other hand, the Court's subject matter jurisdiction is not invoked by an insubstantial federal question, which "is one that is either 'obviously without merit,' or one that is clearly foreclosed by previous Supreme Court decisions."  Id.; see Southpark Square Ltd., 565 F.2d at 341-42 (same); see also Arbaugh v. Y & H Corp., 546 U.S.

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

500, 513 n.10, 126 S.Ct. 1235, 1244 n.10, 163 L.Ed.2d 1097 (2006) (ruling that a complaint "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it . . . is 'wholly insubstantial and frivolous'").

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 593, 595-596, 30 L.Ed.2d 652 (1972). The court, however, does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). And a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

Furthermore, to state a claim upon which relief can be granted, the plaintiff's allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 566 U.S.

6

at ___, 129 S.Ct. at 1949; see Fed.R.Civ.P. 8(a) (requiring that the complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief"). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement possess[ing] enough heft to sho[w] that the pleader is entitled to relief." Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 566 U.S. at ___, 129 S.Ct. at 1949. And the Court will not take as true allegations that are legal conclusions; whereas, factual allegations are considered to be true. Id.

    B. An Insubstantial RICO Claim.

    Under the law of this Circuit, civil RICO claims must be pled with greater specificity than a typical civil claim, and they must satisfy the requirements of Federal Rule of Civil Procedures 9(b).[3]  Ambrosia Coal & Constr. Co.

---

[3] Rule 9(b) provides:

          In alleging fraud or mistake, a party
          must state with particularity the
          circumstances constituting fraud or mistake.
          Malice, intent, knowledge and other
          conditions of a person's mind may be alleged
          generally.

v. Pages Morales, 482 F.3d 1309, 1316-17 (11th Cir. 2007).

Therefore, "RICO complaints must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud." Id. With these pleading requirements and deficiencies in regard thereto, the Court will address Plaintiff's RICO claims

The statutes on which Plaintiff relies are 18 U.S.C. §§ 1965(a) and 1964. Section 1965(a) dictates where the action must be file – where the defendant resides or is found.[4] And § 1964 provides:

> (c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee, except that no person may rely

---

[4] Section 1965(a) provides:

> (a) Any civil action or proceeding under this chapter against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs.

upon any conduct that would have been
actionable as fraud in the purchase or
sale of securities to establish a
violation of section 1962. The
exception contained in the preceding
sentence does not apply to an action
against any person that is criminally
convicted in connection with the fraud,
in which case the statute of
limitations shall start to run on the
date on which the conviction becomes
final.

18 U.S.C. § 1964(a)(emphasis added).  Section 1964 provides

recovery for one who is injured as a result of a § 1962

violation.  To establish a § 1962(c) violation a plaintiff must

show: "(1) conduct (2) of an enterprise (3) through a pattern

(4) of racketeering activity." Sedima, S.P.R.L. v. Imrex Co.,

473 U.S. 479, 496, 105 S.Ct. 3275, 3285, 97 L.Ed.2d 346 (1985).

A plaintiff's proof must establish:

(1) the existence of an enterprise; (2) that
the enterprise affected interstate commerce;
(3) that the defendants were employed by or
associated with the enterprise; (4) that the
defendants participated, either directly or
indirectly, in the conduct of the affairs of
the enterprise; and (5) that the defendants
participated through a pattern of
racketeering activity.

United States v. Starrett, 55 F.3d 1525, 1541 (11th Cir.)

(footnote and citations omitted)), cert. denied, Sears v. United

States, 517 U.S. 1111 (1996).  To satisfy the element requiring

"a pattern of racketeering activity," "at least two acts of

racketeering activity [must be shown], one of which occurred

after [October 15, 1970] and the last of which occurred within

ten years ... after the commission of a prior act of

racketeering activity." _Id._ (quoting 18 U.S.C. § 1961(5)).  The

predicate racketeering acts consist of the offenses listed in 18

U.S.C. § 1961(1).[5] _Id._  And in a civil RICO action, a plaintiff

---

[5] Section § 1961(1) states:

"[R]acketeering activity" means (A)
any act or threat involving murder,
kidnapping, gambling, arson, robbery,
bribery, extortion, dealing in obscene
matter, or dealing in a controlled substance
or listed chemical (as defined in section
102 of the Controlled Substances Act), which
is chargeable under State law and punishable
by imprisonment for more than one year; (B)
any act which is indictable under any of the
following provisions of title 18, United
States Code: Section 201 (relating to
bribery), section 224 (relating to sports
bribery), sections 471, 472, and 473
(relating to counterfeiting), section 659
(relating to theft from interstate shipment)
if the act indictable under section 659 is
felonious, section 664 (relating to
embezzlement from pension and welfare
funds), sections 891-894 (relating to
extortionate credit transactions), section
1028 (relating to fraud and related activity
in connection with identification
documents), section 1029 (relating to fraud
and related activity in connection with
access devices), section 1084 (relating to
the transmission of gambling information),
section 1341 (relating to mail fraud),
section 1343 (relating to wire fraud),
section 1344 (relating to financial
institution fraud), section 1425 (relating
to the procurement of citizenship or
nationalization unlawfully), section 1426

(Continued)

(relating to the reproduction of
naturalization or citizenship papers),
section 1427 (relating to the sale of
naturalization or citizenship papers),
sections 1461-1465 (relating to obscene
matter), section 1503 (relating to
obstruction of justice), section 1510
(relating to obstruction of criminal
investigations), section 1511 (relating to
the obstruction of State or local law
enforcement), section 1512 (relating to
tampering with a witness, victim, or an
informant), section 1513 (relating to
retaliating against a witness, victim, or an
informant), section 1542 (relating to false
statement in application and use of
passport), section 1543 (relating to forgery
or false use of passport), section 1544
(relating to misuse of passport), section
1546 (relating to fraud and misuse of visas,
permits, and other documents), sections
1581-1592 (relating to peonage, slavery, and
trafficking in persons)., [FN1] section 1951
(relating to interference with commerce,
robbery, or extortion), section 1952
(relating to racketeering), section 1953
(relating to interstate transportation of
wagering paraphernalia), section 1954
(relating to unlawful welfare fund
payments), section 1955 (relating to the
prohibition of illegal gambling businesses),
section 1956 (relating to the laundering of
monetary instruments), section 1957
(relating to engaging in monetary
transactions in property derived from
specified unlawful activity), section 1958
(relating to use of interstate commerce
facilities in the commission of murder-for-
hire), section 1960 (relating to illegal
money transmitters), sections 2251, 2251A,
2252, and 2260 (relating to sexual
exploitation of children), sections 2312 and
2313 (relating to interstate transportation
of stolen motor vehicles), sections 2314 and

(Continued)

11

2315 (relating to interstate transportation of stolen property), section 2318 (relating to trafficking in counterfeit labels for phonorecords, computer programs or computer program documentation or packaging and copies of motion pictures or other audiovisual works), section 2319 (relating to criminal infringement of a copyright), section 2319A (relating to unauthorized fixation of and trafficking in sound recordings and music videos of live musical performances), section 2320 (relating to trafficking in goods or services bearing counterfeit marks), section 2321 (relating to trafficking in certain motor vehicles or motor vehicle parts), sections 2341-2346 (relating to trafficking in contraband cigarettes), sections 2421-24 (relating to white slave traffic), sections 175-178 (relating to biological weapons), sections 229-229F (relating to chemical weapons), section 831 (relating to nuclear materials), (C) any act which is indictable under title 29, United States Code, section 186 (dealing with restrictions on payments and loans to labor organizations) or section 501(c) (relating to embezzlement from union funds), (D) any offense involving fraud connected with a case under title 11 (except a case under section 157 of this title), fraud in the sale of securities, or the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), punishable under any law of the United States, (E) any act which is indictable under the Currency and Foreign Transactions Reporting Act, (F) any act which is indictable under the Immigration and Nationality Act, section 274 (relating to bringing in and harboring certain aliens), section 277 (relating to aiding or assisting certain aliens to enter

(Continued)

12

must show that his "injury was proximately caused by the commission of the predicate acts." <u>Pelletier v. Zweifel</u>, 921 F.2d 1465, 1499 (11th Cir.), <u>cert. denied</u>, 502 U.S. 855 (1991). However, a review of the Complaint indicates that Plaintiff's allegations do not satisfy the elements of a RICO claim.

      1.  <u>Lack of an Enterprise</u>.

Section 1962(c) makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." 18 U.S.C. § 1962(c). An "'enterprise' includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity. . . ." 18 U.S.C. § 1961(4). "The existence of an enterprise 'is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates

---

        the United States), or section 278 (relating to importation of alien for immoral purpose) if the act indictable under such section of such Act was committed for the purpose of financial gain, or (G) any act that is indictable under any provision listed in section 2332b(g)(5)(B)[.]

function as a continuing unit.'" <u>United States v. Turkette</u>, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). "[T]he definitive factor in determining the existence of a RICO enterprise is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes, that is, the pattern of racketeering activity requisite to the RICO violation." <u>United States v. Goldin Indus., Inc.</u>, 219 F.3d 1271, 1275 (11th Cir.), <u>cert. denied</u>, 531 U.S. 1015 (2000); <u>see</u> <u>Sun v. Girardot</u>, 237 Fed. Appx. 415, 418 (11th Cir. 2007) (applying <u>Goldin</u> to a civil RICO action).

　　To establish an enterprise there must be two distinct entities. <u>Cedric Kushner Promotions, Ltd. v. King</u>, 533 U.S. 158, 166, 121 S.Ct. 2087, 2092, 150 L.Ed.2d 198 (2001) (finding the § 1962(c) RICO provision was applicable because two distinct entities were present even though the corporate employee who unlawfully conducted the affairs of the corporation was also the sole owner of the corporation). "The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct." <u>Turkette</u>, 452 U.S. at 583, 101 S.Ct. at 2528. "[L]iability 'depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs.'" <u>Cedric Kushner Promotions</u>, 533 U.S. at 163, 121

S.Ct. at 2091 (quoting <u>Reves v. Ernst & Young</u>, 507 U.S. 170,
185, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993)).  Here, Plaintiff's
allegations fail to show that an enterprise existed.  Rather,
they show only one party, the Defendant, who allegedly acted
unlawfully for the purpose of benefitting himself alone, without
the involvement of another entity.

     2.  <u>Lack of Pattern of Racketeering Activity</u>.

Not only is there a lack of an enterprise, no pattern
of racketeering activity exists.  The acts that are
prohibited by RICO are found in 28 U.S.C. § 1961(1).
Plaintiff has not specifically pointed to one of these
violations in his Complaint.  The Court cannot rewrite the
Complaint for him, and if the Court did so in this
instance, it would be mere speculation.  Moreover, based on
the present allegations, it appears that Plaintiff would
have great difficulty in establishing one of the listed
criminal violations for a predicate act because the
allegations only reflect contact between Plaintiff and
Defendant in the physical presence of each other while in
Alabama.  Inasmuch as one of the predicate actions for
establishing racketeering activity has not been alleged,
the Court finds that Plaintiff has not establish the

existence of racketeering activity.  See Midwest Grinding

Co. v. Spitz, 976 F.2d 1016, 1025 (7th Cir. 1992) (ruling

that "RICO has not federalized every state common-law cause

of action available to remedy business deals gone sour");

Fleet Credit Corp. v. Sion, 893 F.2d 441, 445 (1st Cir.

1990) (holding that common law fraud does not constitute

"racketeering activity" under RICO).

Furthermore, the allegations do not reflect a pattern.

"Pattern" is defined as a term requiring "at least two acts

of racketeering activity ..., the last of which occurred

within ten years ... after the commission of a prior act of

racketeering activity."  18 U.S.C. § 1961(5); Rotella, 528

U.S. at 552, 120 S.Ct. at 1079.  "To successfully allege a

pattern of racketeering activity, [a] plaintiff[] must

charge that: (1) the defendants committed two or more

predicate acts within a ten-year time span; (2) the

predicate acts were related to one another; and (3) the

predicate acts demonstrated criminal conduct of a

continuing nature."  Jackson v. BellSouth Telecomm., 372

F.3d 1250, 1264 (11th Cir. 2004) (citing H.J. Inc. v.

Northwestern Bell Tel. Co., 492 U.S. 229, 239-43, 109 S.Ct.

2893, 2900-2903, 106 L.Ed.2d 195 (1989) and 18 U.S.C.

§ 1961(5)).  It is not sufficient to allege two acts that are sporadic and isolated because continuity and relatedness must be shown in order to establish a pattern. Id.  A pattern is shown by criminal conduct that "embraces criminal acts having the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."  Id. at 1265 (quoting Sedima, 473 U.S. at 497 n.14, 105 S.Ct. at 3285 n.14 (quoting 18 U.S.C. § 3575(e))).  Even though two acts are necessary, they may not be sufficient if they do not form a pattern; thus, two acts without more are insufficient to establish a pattern.  Id. at 1264.  In the action at hand, only one act is complained of by Plaintiff – the sale of a tract of land.  This one real estate transaction does not constitute a pattern.  See Murray v. JPMorgan Chase, No. 10-3087, 2010 WL 3283012, at *4 (C.D. Ill. Aug. 18, 2010) (unpublished) (the conduct related to the purchase of a car arising from a single retail installment contract constituted one predicate act which did not constitute a pattern to satisfy a RICO claim);[6]

6    "Unpublished opinions are not considered binding precedent,
(Continued)

Jenkins v. Mullen, No. CIVA 05-513, 2006 WL 2950489, at *4 (D.R.I. Oct. 16, 2006) (unpublished) (one real estate transaction did not constitute a pattern); Rivera v. Golden Nat. Mtg. Banking Corp., No. 04 Civ. 4545(RMB), 2005 WL 1514043, at *4 (S.D. N.Y. June 27, 2005) (unpublished) (actions surrounding the purchase of one piece of real estate was a "single fraudulent end" which did not constitute a pattern), aff'd, 201 F. App'x 799 (2d Cir. 2006); see also Humphrey v. United Parcel Serv., 200 F. App'x 950, at **2 (11th Cir. 2006) (unpublished) (finding that "[a] single incident of delay in delivering a computer do[es] not constitute criminal offenses under RICO, nor does it establish a pattern of RICO violations."); Abele v. Tolbert, 172 F. App'x 967, at **2 (11th Cir. 2006) (ruling that no RICO claim was stated as defendants' destruction of several of plaintiff's properties over a 12-year period and removal of a water meter from a mobile home were not predicate acts include under § 1961(1) that would constitute a pattern of racketeering).

_____

but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

3. <u>Statute of Limitations' Bar to RICO Claim</u>.

Another reason Plaintiff's Complaint is deficient is
that it is barred by RICO's four-year statute of
limitations. <u>Agency Holding Corp. v. Malley-Duff &
Assocs.</u>, 483 U.S. 143, 156, 107 S.Ct. 2759, 2767, 97
L.Ed.2d 121 (1987) (adopting the Clayton Act's four-year
statute of limitations because the Clayton Act was closely
analogous to RICO). This statute of limitations for a RICO
violation begins to run when the injury is discovered.
<u>Rotella</u>, 528 U.S. at 552-53, 120 S.Ct. at 1079.

The present action is based on an oral agreement that
was entered into on February 22, 2000. (Doc. 1 at 1). The
other actions concerning this transaction appear to have
occurred in close proximity to this oral agreement. And it
appears that Plaintiff learned of his injury shortly after
entering into the oral agreement as no other dates are
provided in the Complaint. Inasmuch as Plaintiff learned
of his injury near 2000, and has not shown that he learned
of his injury during the four years preceding the January
28, 2011, filing date, the Court concludes that Plaintiff's
RICO claim is more than likely barred by the four-year
statute of limitations. A claim that is barred by the

statute of limitations is without merit.  See Clark v. Georgia Bd. of Pardons & Paroles, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (observing that an in forma pauperis action that is barred by the statute of limitations is frivolous); Taylor v. Florida Dep't Corr., No. 5:07cv87-SPM/EMT, 2007 WL 2225980, at *1, 4 (N.D. Fla. Aug. 1, 2007) (finding the court's subject matter jurisdiction was not invoked because the complaint was frivolous due to its filing after the expiration of the statute of limitations).

    4.  Prosecution Request Is Frivolous.

Plaintiff requests that Defendant be charged with the "crime of fraud" in this Court.  (Doc. 1 at 3). Plaintiff's request is without merit as "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."  Otero v. United States Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987) (affirming the dismissal of an action seeking the writ of mandamus to require the defendants to investigate and prosecute a former Florida State Attorney) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 1149, 35 L.Ed.2d 536 (1973)).  "A decision to prosecute is within the United States Attorney's substantial discretion . . .

." <u>United States v. Ballard</u>, 779 F.2d 287, 295 (5th Cir.),

<u>cert. denied</u>, 475 U.S. 1109 (1986).  Thus, the Court finds

this request of Plaintiff to be without merit and therefore

frivolous.

     C.  <u>RICO Claim Barred as a Collateral Attack</u>.

     Another ground that would render Plaintiff's Complaint

deficient, but on which the Court cannot enter a ruling due to

lack of information, is if a state court has entered a final

judgment on a claim based on the sale of the subject property.

Under the <u>Rooker-Feldman</u> doctrine a federal district court lacks

subject matter jurisdiction to review a final judgment of a

state court.  <u>District of Columbia Court of Appeals v. Feldman</u>,

460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983);

<u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16, 44 S.Ct.

149, 150, 67 L.Ed. 556 (1923) (same); <u>see</u> <u>Nicholson v. Shafe</u>,

558 F.3d 1266, 1278 (11th Cir. 2009) (applying <u>Rooker-Feldman</u> to

final judgments alone); <u>cf.</u> <u>Caldwell v. Gutman, Mintz, Baker &</u>

<u>Sonnenfeldt, P.C.</u>, 701 F. Supp.2d 240, 247 (E.D.N.Y. 2010)

(rejecting <u>Nicholson</u>'s approach and finding that <u>Rooker-Feldman</u>

applies to "cases brought by state-court losers complaining of

injuries caused by state-court <u>judgments</u> rendered before the

district court proceedings commenced and inviting district court

review and rejection of those <u>judgments</u>" (quoting <u>Feldman</u>, 544

U.S. at 284)).  "Review of such judgments may be had only in [the United States Supreme Court]."  Feldman, 460 U.S. at 482, 103 S.Ct. at 1315.  The Rooker-Feldman doctrine not only precludes a federal district court from reviewing federal issues that were raised in state court proceedings but also those federal issues that should have been raised in state court proceedings because they are "inextricably intertwined" with a state court's judgment. Id. at n.16, 103 S.Ct. at n.16.  Moreover, an action "in federal district court is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court." Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988).

Plaintiff alleges that he had retained counsel to represent him in state court, Lee. B. Williams and Phil G. Perkins.  This indicates to the Court that Plaintiff filed a state-court action based on the February 22, 2000, oral agreement and attendant real estate transaction.  No other information about this state-court action was provided in the Complaint.  If the state-court action had a final judgment entered, the Rooker-Feldman doctrine would preclude this Court from entertaining this action as the Court would lack subject matter jurisdiction, but this determination cannot be made due to the lack of information.

III.  Conclusion.

In the present action Plaintiff has complained of one transaction involving one Defendant.  This claim misses the mark

for a RICO claim in several respects – there is no enterprise,

no pattern, and no predicate acts of racketeering activity.

Rather, Plaintiff's claim appears to be a common-law claim that

is redressable in state court.  Moreover, any claim that is

based on the February 22, 2000, transaction is more than likely

barred by RICO's four-year statute of limitations because the

claim accrued well before the four-year statute of limitations

period preceding January 28, 2011, filing date.  Considering all

of the deficiencies and the potential deficiencies on which a

final determination cannot be made due to the lack of

information, the Court finds that Plaintiff's RICO claim is

insubstantial and frivolous so as not invoke this Court's

subject matter jurisdiction.  Accordingly, it is recommended

that this action be dismissed without prejudice, prior to

service of process, for lack of subject matter jurisdiction.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   Objection.  Any party who objects to this recommendation or
anything in it must, within fourteen (14) days of the date of
service of this document, file specific written objections with
the clerk of court.  Failure to do so will bar a de novo
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C);
Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v.
Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The
procedure for challenging the findings and recommendations of
the magistrate judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

A party may object to a recommendation entered by a
magistrate judge in a dispositive matter, that is, a
matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
a "Statement of Objection to Magistrate Judge's
Recommendation" within ten days[7] after being served
with a copy of the recommendation, unless a different
time is established by order.  The statement of
objection shall specify those portions of the
recommendation to which objection is made and the
basis for the objection.  The objecting party shall
submit to the district judge, at the time of filing
the objection, a brief setting forth the party's
arguments that the magistrate judge's recommendation
should be reviewed *de novo* and a different disposition
made.  It is insufficient to submit only a copy of the
original brief submitted to the magistrate judge,
although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection. A magistrate judge's
recommendation cannot be appealed to a Court of
Appeals; only the district judge's order or judgment
can be appealed.

2.    <u>Transcript (applicable where proceedings tape recorded)</u>.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

    DONE this 5th day of May, 2011.

                         s/ BERT W. MILLING, JR.
                         UNITED STATES MAGISTRATE JUDGE

---

[7] Effective December 1, 2009, the time for filing written
objections was extended to "14 days after being served with a
copy of the recommended disposition[.]"  Fed.R.Civ.P. 72(b)(2).